PER CURIAM.
 

 11 Bruce Scharwarth and Daryl Robert (hereinafter referred to as “objectors”) seek review of a judgment of the district court which converted their suspensive appeal to a devolutive appeal on the ground that “Objectors failed to post the required bond in a timely manner.” On August 21, 2009, we stayed all proceedings in the case and directed the parties to submit supplemental briefs supported by appropriate documentary evidence.
 

 La. Code Civ. P. art. 2123 sets forth the delays for taking a suspensive appeal. That article provides, in pertinent part:
 

 A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
 

 (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
 

 In the instant case, the judgment objectors are seeking to appeal was rendered on March 19, 2009, and notice of judgment was issued by the clerk on March 24, 2009. Assuming notice of judgment was mailed on March 24, 2009,
 
 [1]
 
 the seven-day Rdelay for applying for a new trial or judgment notwithstanding the verdict expired on Thursday, April 2, 2009.
 
 [2]
 
 Therefore, pursuant to La. Code Civ. P. art. 2123, the thirty-day suspensive appeal delay commenced on Friday, April 3, 2009, and expired on Saturday, May 2, 2009. Because the last day of the period fell on a weekend, the objectors had until Monday, May 4, 2009 to file their appeal and post their bond. The objectors’ petition for appeal was filed on March 24, 2009, and their suspensive appeal bond was posted on April 29, 2009. Thus, objectors’ petition for appeal and their suspensive bond were posted within the suspensive appeal delays as provided by La.Code Civ. P. art. 2123.
 

 Accordingly, the judgment of the district court converting the suspensive appeal to a devolutive appeal is reversed, and the sus-pensive appeal is reinstated. The stay issued by this court on August 21, 2009 is dissolved, and the case is remanded to the district court to determine the effect of the suspensive appeal on any pending proceedings in this case.
 

 [1]
 

 . Neither the application nor the supplemental exhibits include a copy of the clerk’s certificate of mailing, as required under La.Code Civ. P. art. 1913(D), which would specifically indicate when notice of judgment was mailed. However, we assume it could not have been mailed any earlier than March 24, 2009.
 

 [2]
 

 . There is no indication that objectors sought a new trial or judgment notwithstanding the verdict.